John Targowski  (Bar No. 226053)
**Targowski Law Office**
475 Washington Blvd
Marina Del Rey, CA 90292
Telephone:  (310) 920-9177
Email: jtargo@icloud.com

Attorney for Defendant
CLAYTON MITCHELL

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAYTON MITCHELL<br><br>Defendant. | Case No. 2:24-cr-00641-SPG-1<br><br>The Honorable Sherilyn Peace Garnett<br><br>**DEFENDANT CLAYTON MITCHELL'S SENTENCING MEMORANDUM**<br><br>Sentence Date: June 11, 2025 at 10:00AM |

Defendant Clayton Mitchell, through counsel John Targowski, hereby files his Sentencing Memorandum.

DATED: May  28th, 2025

Respectfully Submitted,

_____/s/_____
JOHN TARGOWSKI
Attorney for Clayton Mitchell

## I.        PROCEDURAL HISTORY

On July 5th, 2024 Mr. Mitchell received a target letter from the United States Attorney's office in this district informing him that the ATF was investigating him for an alleged violation of 18 U.S.C. § 932(b) concerning the straw purchasing of firearms. Mr. Mitchell contacted the Court, filled out a financial affidavit and the following month on August 19th, 2024 the undersigned was appointed to represent him prior to formal charges being brought.

Along with the undersigned, Mr. Mitchell proffered with the government on September 30th, 2024 concerning his relationship with co-conspirator 1 and the facts in this case. Prior to his proffer, Mr. Mitchell made several post arrest statements concerning his culpability in this episode to the ATF, both in person and telephonically. He was extremely cooperative and remorseful during these encounters and during his proffer with the government.

After his proffer, Mr. Mitchell was offered a plea agreement with the government that was signed on September 30th, 2024 and filed with this Court as ECF #5 on October 25th, 2024. Mr. Mitchell first appeared on a summons in magistrate court on November 6th, 2024 where he waived indictment (ECF #14) and was released on a $5,000 unsecured appearance bond. After confirming his lack of score able criminal history in a pre-plea report that was filed with the Court as ECF #24 on February 20th, 2025, Mr. Mitchell pled guilty to count 1 of the single-count information (ECF #1) charging him with a conspiracy to straw purchase firearms contrary to 18 U.S.C. § 932(b) before this Court on March 19th, 2025.

On April 1st, 2025 Mr. Mitchell was interviewed by USPO Analy Urena-Diaz for a PSIR (ECF #27) and disclosed sentence recommendation letter (ECF #26) that were disclosed on May 7th, 2025. Mr. Mitchell expects to be sentenced by this Court on June 11th, 2025.

## II.       THE PSIR

In his plea agreement, Mr. Mitchell and the government stipulated to the base offense level of 12

(based upon the 2021 USSG), a 2 level enhancement for between 3-7 firearms pursuant to USSG § 2K2.1(b)(1)(A), a 4 level enhancement for firearms trafficking pursuant to USSG § 2K2.1(b)5), and a 2 level reduction for minor role pursuant to USSG §3B1.2(b). The PSIR correctly assessed these factors and after applying a 3 level reduction for acceptance of responsibility pursuant to USSG §3E1.1, Mr. Mitchell's total offense level is 13.

Pursuant to the filed plea agreement, the government conditionally agreed to recommend a 2 level downward variance if the base offense level is at 13 under *Booker v. United States*, 543 U.S. 220 (2005), based on the factors set forth in 18 U.S.C. § 3553(a)(1)-(7) and the unique facts and circumstances presented in this case, resulting in an adjusted total offense level of 11.

With no score able criminal history (CHC I) and a total adjusted offense level of 11, Mr. Mitchell's advisory USSG range is in Zone C and is 8 to 14 months.

### a. Mr. Mitchell's 2000 willful failure to follow court orders conviction (PSIR ¶58)

Mr. Mitchell was placed on a 24 month diversion program in the summer of 2000 for failing to pay child support when he was 23 years old that he failed to successfully complete, resulting in a short jail sentence and misdemeanor conviction. Mr. Mitchell understands that he handled the obligations of the family court poorly and without enough attention, but cites his youth and circumstances related to the paternity of his putative daughter at the center of the court order he failed to follow.

Mr. Mitchell was in a relationship with the mother of Kierra Mitchell when he was told by the mother that he was not the father of this then 2 year old girl. He ended up relocating out of state and despite this had a family member continuing to notify the Court that he stayed with her, engaging in a multiyear cycle of court dates being set only only to have Mr. Mitchell fail to appear between 2003 and 2010. Mr. Mitchell continued to pay child support for this minor until she became an adult and the two have maintained a relationship despite not being biologically related.

Mr. Mitchell touches upon this episode in his letter to the Court. He states:

*I was in trouble once at 18 for receiving clothing that an employee under charged me for* [referencing his no contest plea in PSIR ₵57] *, the only other issue I have had with law enforcement is for child support. Unfortunately I was made to pay for a child that did not belong to me but because of California law and a late dna test. It cost me my freedom and over $100 thousand dollars. My ex was allowed to serve paperwork to an address that I no longer lived at, and unfortunately court dates were missed due to me not getting notified.*

### III.     THE 3553(a) FACTORS

### a.  Mr. Mitchell's childhood and upbringing and family

Mr. Mitchell was born in 1976 in Pasadena to parents suffering from addictions. His mother had 8 children and his father had 12 children. Mr. Mitchell was the eldest boy and felt pressure trying to lead by example and maintain contact with his large family. Mr. Mitchell's father relocated to Colorado to attend college and Mr. Mitchell spent parts of his childhood shuttling between homes while both parents maintained a chemically dependent lifestyle. At age 5 he moved in with his grandparents and they raised him until he was 18.

In his letter to this Court (Exh A), Mr. Mitchell writes:

*I was raised in Pasadena California primarily by my Grandmothers on both sides of my family. Unfortunately both of my parents struggled with addictions, but my Grandmothers made sure I was raised properly and with respect. I was able to make away from the gangs that a lot of my friends and family succumbed to.*

Mr. Mitchell has been in a stable relationship with Leah Bernard (now Mitchell) since 2018, having recently married last April. The couple is raising their 5 year old daughter Mackenzie and maintains custody of Mr. Mitchell's 16 year old son, Clayton Jr. The couple relocated from Washington State to the Bakersfield area in July 2024 to accommodate his wife's job as a district manager for Starbucks. The family lives in a single family home and are active members of the community.

Mr. Mitchell's remaining 7 children are all currently adults but Mr. Mitchell was an active parent and father to all of them. 4 of these 7 adult children have a deceased mother, who passed in 2018. Mr.

DEFENDANT CLAYTON MITCHELL'S SENTENCING MEMORANDUM

Mitchell has been emotionally supportive and present in their lives during this difficult period. Mr. Mitchell notes in his letter to this Court: *I have managed to raise 9 children, 7 are now grown and all have never been in any type of trouble with the law.*

### b. Mr. Mitchell's physical condition, ailments and mental health

Mr. Mitchell's recitation of his pre-diabetes in the PSIR and 500 Metformin daily via prescription have recently changed. Mr. Mitchell was recently diagnosed with with full diabetes and is now on 2000mg of Metformin daily instead of 500 mg. He does not report further physical ailments.

Mr. Mitchell reports prior diagnoses of depression and anxiety from 2014 but contends that he is "fine" without medication and that he has overcome his mental health issues for the past 10 years.

### c. Mr. Mitchell's Vocational Skills and History of Employment

At the time of drafting this filing, Mr. Mitchell was recently offered a job by Kern Adult Program Incorporated as an adult resident rehab assistant in Bakersfield at $22/hour that he planned on accepting. This is the first substantial job offer he received since moving to Bakersfield approximately a year ago to support his wife's career. Prior to this job offer, Mr. Mitchell helped raise his grandchildren so his adult children could work by providing daycare.

Prior to relocating to Bakersfield, Mr. Mitchell worked as a driving instructor and DMV examiner in Renton, Washington during 2022 to 2024. Prior to 2022, Mr. Mitchell spent approximately 20 years working as a collections and finance manager for a credit union in Pasadena and Bakersfield, California.

### d. Mr. Mitchell's Sincere Remorse

In his letter to this Court, Mr. Mitchell writes:

*I am truly sorry and ashamed, but I also accept full responsibility for my actions. This situation has been a complete embarrassment for myself and my family and I have truly learned a life lesson.*

### e. Mr. Mitchell's Future Plans

In his letter to this Court, Mr. Mitchell writes:

*Moving forward, I plan to continue to work and be a productive member o society like I have always been…. I don't do drugs or smoke, I'm basically just a homebody that enjoys spending time with my grand children and fishing. I have never been caught up in gang nonsense or street stuff, and at  my age now I concentrating on my health and children. In my 48 years I have spent less than a week in jail and I would not wish that lifestyle for anyone.*

## VI.    CONCLUSION

For the foregoing reasons and analysis, Mr. Mitchell respectfully requests the Court impose a

sentence of **24 months probation**.  Should the Court impose incarceration, Mr. Mitchell would

respectfully request a Central California regional designation by the Court.

DATED: May 28th, 2025                                    Respectfully Submitted,


                                                            /s/
                                                   JOHN TARGOWSKI
                                                   Attorney for Clayton Mitchell

DEFENDANT CLAYTON MITCHELL'S SENTENCING MEMORANDUM

## Exhibit List

Exhibit A: Mr. Mitchell's Letter to the Court

## Letter to the court

Dear judge Garnett, I wanted to take some time to apologize to the Court as well as explain how I have landed myself in this position.
I was raised in Pasadena California primarily by my Grandmothers on both sides of my family. Unfortunately both of my parents struggled with addictions, but my Grandmothers made sure I was raised properly and with respect. I was able to make away from the gangs that a lot of my friends and family succumbed to. I am not perfect by any means, but I'm also not a criminal. I was in trouble once at 18 for receiving clothing that an employee under charged me for, the only other issue I have had with law enforcement is for child support. Unfortunately I was made to pay for a child that did not belong to me but because of California law and a late dna test. It cost me my freedom and over $100 thousand dollars. My ex was allowed to serve paperwork to an address that I no longer lived at, and unfortunately court dates were missed due to me not getting notified. After years of fighting it and going to jail twice I had a Judge review the case and throw it out due to fraud. As a 48 year old adult now I realize the seriousness of attending court proceedings and I have been early to every hearing pertaining to this case. I have managed to raise 9 children, 7 are now grown and all have never been any type of trouble with the law.

Unfortunately a few years ago, I let myself get involved with a friend of the family that put me in the position I'm currently in. At the time I did not fully understand the laws, and because of that ignorance I will now become a felon. My father had always been a gun enthusiasts and raised us to be the same. I also raised my kids to know the safety and importance of protecting their family. I am truly sorry and ashamed, but I also accept full responsibility for my actions. This situation has been a complete embarrassment for myself and my family and I have truly learned a life lesson. I made a mistake at 18 and learned a hard lesson from it, jail was never a place I wanted to see again and although I couldn't control the child support issues, bench warrants were issued because my public defender did not appear on my behalf when I lived out of state.
Moving forward, I plan to continue to work and be a productive member of society like I have always been. I have 2 children that are still minors, Clayton Jr age 16 and McKenzie age 5. Unfortunately Clayton and 3 of my other children lost their mother a few years back so I am all they have.  I know my wife would give the same love as me, but they need their father. I have not had any issues with law enforcement in almost 25 years and I have not had any issues with the pre trial officer.  I don't do drugs or smoke, I'm basically just a homebody that enjoys spending time with my grand children and fishing. I have never been caught up in gang nonsense or street stuff, and at  my age now I concentrating on my health and children. In my 48 years I have spent less than a week in jail and I would not wish that lifestyle for anyone. In closing I would like to ask the court for forgiveness and to probation so I can continue to try to set a good example for my

children and grandchildren. I have received a job offer for full time employment working with adults with disabilities and will continue to  work and provide for my family as I always have. I would appreciate if you would considered probation in this case being that I have shown that I can obey the law.